UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDRA RENEE NEAL; DASHAY NEAL,<br><br>Plaintiffs,<br><br>v.<br><br>ASPEN PARK HOLDINGS, LLS,<br><br>Defendant. | No. 2:17-cv-1098-JAM-EFB PS<br><br><br>ORDER |

Plaintiff Chandra Neal seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] Her declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines that the allegation of poverty is untrue, or that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

As a threshold matter, plaintiff Chandra Neal attempts to bring this suit on her own behalf and on behalf of her daughter. There is no indication from the record that Ms. Neal is an

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

attorney. Unless she is an attorney, she may not represent her daughter's interests before the court. *See Johns v. County of San Diego*, 114 F.3d 874, 876-877 (9th Cir. 1997) (a non-lawyer has no authority to appear as an attorney for another, and general power of attorney does not give non-lawyer right to assert the personal constitutional claims of another). Accordingly, Ms. Dean may only assert claims on her own behalf. Any claim brought on behalf of her daughter must be dismissed without prejudice. Furthermore, as discussed below, plaintiff's complaint must be dismissed for failure to state a claim.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); see also Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

/////

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Here, the allegations in the complaint are insufficient to state a claim. Plaintiff brings this action against Aspen Park Holdings, LLS, John F. Shellabarger, and Dell Loy Hansen. The complaint alleges that plaintiff Chandra Neal and her daughter, Dashay Neal, moved into a low income apartment in Sacramento in August 2015. ECF No. 1 at 7. After moving in, plaintiff learned that the apartment was infested with rats. *Id*. At plaintiff's request, management repaired the holes where the rats were entering, but that did not resolve the problem. Plaintiff subsequently submitted several work orders requesting pest control address the issue, but they were largely ignored. *Id*. For instance, management arranged for pest control to spray the premises for cockroaches, but did not procure someone to address the continuing rat problem.

After persistently calling code enforcement, plaintiff was able to arrange an inspection of her apartment with Tim McMillian, an employee with code enforcement, and the apartment complex manager. *Id*. During the inspection Mr. McMillian told plaintiff that if she didn't like where she lived she should move. *Id*. In response, plaintiff threw an empty soda bottle in the direction of Mr. McMillian. *Id*. As a result of the altercation, plaintiff received an eviction

notice. An unlawful detainer action was subsequently brought against plaintiff, which allegedly caused her to lose her section 8 voucher and precluded her from finding another apartment. *Id*. at 8.

Plaintiff purports to allege claims under 42 U.S.C. §1983; the Fair Housing Act, 42 U.S.C. § 3631; and the Housing Act of 1937, §§ 1437 *et seq.*, as well as for violations of regulations promulgated by the Department of Housing and Urban Development ("HUD"). But the complaint fails to state a claim for relief under any of these statutes. To state a claim under § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff does not allege that any of the defendants are state actors, nor does she identify any particular constitutional provision that was violated.

Plaintiff also cannot assert a claim for violation of 42 U.S.C. § 3631 of the Fair Housing Act. That statute is a criminal provision that does not create a private right of action. *See Walker v. City of Lakewood*, 272 F.3d 1114, (9th Cir. 2001) (observing that 42 U.S.C. § 3631 is a criminal provision); *United States v. Johns*, 615 F.2d 672, 675 (5th Cir. 1980) ("The legislative history accompanying 42 U.S.C. § 3631 . . . indicates a clear congressional intent to impose criminal sanctions . . . .").

Plaintiff also claims that defendants violated 42 U.S.C. § 1437d(1)(3), 24 C.F.R. § 982.401, 42 U.S.C. § 423, and "U.S[.] Housing Act of 1937 And [sic] a list of more charges." ECF No. 1 at 8. She does not, however, identify the specific factual allegations that support each alleged violation, nor does she identify which defendant allegedly violated each statute or regulation. Moreover, it is not clear what precise cause of action plaintiff is attempting to assert. 42 U.S.C. § 1437d does not contain a subsection (1)(3). She cites to 24 C.F.R. § 982.401, but that

regulation, on its own, does not provide a private right of action. *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 939 (9th Cir. 2003) ("[F]ederal rights are created by Congress through statutes, not by agencies through regulations.") Plaintiff also cites to 42 U.S.C. § 423, but that statute concerns Disability Insurance Benefits under the Social Security Act and appears to have no relevance to the complaint's factual allegations. Lastly, the complaint's conclusory reference to the United States Housing Act and "a list of more charges" fails to provide any indication as to the specific cause of action plaintiff is attempting to allege.

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). As drafted, the complaint fails to provide defendant such notice. Accordingly, it must be dismissed for failure to state a claim for relief.

Plaintiff is granted leave to file an amended complaint. Any amended complaint must allege a basis for this court's jurisdiction, as well as a cognizable cause of action against a proper defendant and sufficient facts to support that cause of action. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly identify the claims asserted as to each defendant and set forth the factual allegations against that defendant(s) which give rise to a cause. It shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the

5

original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: May 17, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE